IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT

2008 DEC -2 A 10: 57

R. Cuk

UNITED STATES OF AMERICA

vs.

TYRONE DAVIS

CASE NUMBER.: CR592-29

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Tyrone Davis ("Davis"), who is currently incarcerated at the United States Penitentiary in Florence, Colorado, filed a Motion Requesting the Court to Dismiss his Juvenile Priors. The Government has filed a Response. For the reasons which follow, Davis' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Davis was convicted after a jury trial of conspiracy to distribute controlled substances. The Honorable Anthony A. Alaimo sentenced Davis to 360 months' imprisonment. Davis appealed, and the Eleventh Circuit Court of Appeals affirmed Davis' conviction but remanded his case to this Court for resentencing. Judge Alaimo resentenced Davis to 360 months' imprisonment. The Eleventh Circuit affirmed Davis' sentence.

Davis filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court denied. Davis did not file an appeal. Davis later filed a motion pursuant to Fed. R. Civ. P. 60(b). This Court denied that motion. Davis then filed an application for leave to file a second or successive § 2255 motion, and the Eleventh Circuit denied his application. Davis filed four (4) separate motions to reduce

AO 72A
(Rev. 8/82)

his sentence, which this Court denied. Davis then filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive crack cocaine amendments to the United States Sentencing Guidelines. Judge Alaimo granted Davis' motion and reduced Davis' sentence to 292 months' imprisonment. Davis filed three (3) subsequent motions, all of which this Court denied. (Doc. No. 939, pp. 2-4).

In the instant motion, Davis requests that this Court dismiss prior convictions he obtained when he was a juvenile based on the "Youth Act". (Doc. No. 935, p. 1). Davis asserts six (6) points were added to his criminal history point total based on these convictions, which affected the sentence he received in this case. Davis contends he should be sentenced to 262 months' imprisonment based on an offense level of 36, criminal history category V, and 12 criminal history points.

The Government asserts Davis' latest motion challenges the sentence he received in his criminal case. The Government alleges Davis' attack on his sentence should be brought pursuant to section 2255. The Government also alleges that, because Davis previously brought a section 2255 motion, he must obtain authorization from the Eleventh Circuit before this Court can entertain his motion.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the movant to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Davis' motion, though entitled "Motion Requesting the Court to Dismiss the [Petitioner's] Juvenile Priors", is actually a motion brought pursuant to 28 U.S.C. § 2255, as he requests his sentence be reduced based on the dismissal of certain prior convictions. Davis filed a section 2255 motion on a previous occasion, which this Court denied by Order dated February 8, 2000. Davis did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Davis' Motion Requesting the Court to Dismiss his Juvenile Priors be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE